### SCHWARTZ v. COPELAND et al.

(Supreme Court, Appellate Term. June 21, 1912.)

1. NEW TRIAL (§ 102*)—GROUNDS—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

It is improper to grant a new trial for newly discovered evidence which it is not shown the party could not have discovered before the trial by reasonable diligence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 207, 210–214; Dec. Dig. § 102.*]

2. New Trial (§ 89*)—Grounds—Surprise.

   That defendant was taken by surprise by plaintiff's testimony given at the trial, while it would have been ground for an adjournment, was not ground for new trial.

   [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 177–180; Dec. Dig. § 89.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Isidor Schwartz against Henry C. Copeland and others. From an order granting a new trial for newly discovered evidence, plaintiff appeals. Reversed, and judgment reinstated.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Abraham S. Weltfisch, of New York City, for appellant.
Earle & Russell, of New York City, for respondents.

PER CURIAM. The plaintiff appeals from an order granting a new trial upon the ground of newly discovered evidence. The action was brought to foreclose a mechanic's lien. The plaintiff furnished plumbing supplies amounting to the sum of $375.76. The defendant Copeland was the owner and the defendant American Purchasing Association the lessee of the premises.

[1] Upon the trial practically the only question of fact contested was whether or not the defendant Zagat, the president of the American Purchasing Association, had promised the plaintiff to pay him for the supplies. This issue was submitted to the jury, who found for the plaintiff, and the judgment upon appeal to this court was affirmed. An examination of the affidavits used upon the motion for a new trial does not disclose that the alleged newly discovered evidence could not with reasonable diligence have been discovered before the trial. It also appears that it is merely cumulative.

[2] The learned trial justice granted the motion for a new trial substantially upon the ground, as stated in his opinion, that the defendant Zagat claims "that he was taken by surprise by the testimony of the plaintiff" given upon the trial. This would have been a good ground for asking for an adjournment of the trial, but is hardly sufficient to warrant the granting of a new trial.

The order is reversed, with costs, and the judgment reinstated.